# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

ANTHONY J. SMITH                                                                                    PLAINTIFF

v.                                          2:16CV00023-BRW-JJV

ARKANSAS DEPARTMENT OF
CORRECTION; *et al.*                                                                          DEFENDANTS

## ORDER

**I.     APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

Plaintiff, Anthony J. Smith, is incarcerated at the Washington County Detention Center[1], and filed this action *pro se* pursuant to 42 U.S.C. § 1983. He also filed an Application to Proceed Without Prepayment of Fees and Affidavit ("Application") (Doc. No. 2). Plaintiff has made a proper showing required by 28 U.S.C. § 1915(a) and his Application is GRANTED.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.[2] 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is**

---

[1] Plaintiff originally filed his complaint in the Western District of Arkansas. The claims that form the basis of this action were severed and transferred to this district. (Doc. No. 3.)

[2] Effective May 1, 2013, the cost for filing a new civil case is $400. The increase is due to a new $50 administrative fee, which does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

**subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.**

Based on information contained in a certified copy of Plaintiff's Application and Calculation Sheet, the Court shall not assess an initial partial filing fee. Plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Plaintiff's custodian is requested to send to the Clerk of the Court the monthly payments from his prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    PLAINTIFF'S COMPLAINT

Plaintiff alleges he has been denied adequate medical care at both the Washington County Detention Center and the Brickey's Unit of the Arkansas Department of Correction. (Doc. No. 1 at 5-7.) He has not named any viable defendants, however. Neither the Arkansas Department of Correction ('ADC') nor the Washington County Detention Center may be sued under section 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Plaintiff has also named a number of "Doe" defendants, but these individuals must be identified before any claims against them may proceed. Finally, claims against multiple parties must arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). His claims against both the ADC and the Washington County Detention Center[3] implicate denial of adequate medical care, but that alone is insufficient to warrant their joint

---

[3]Moreover, it is unclear why any claims exclusive to Washington County or its officials should proceed in this district. If Plaintiff elects to pursue only these claims, I will transfer them back to the Western District of Arkansas.

prosecution.

Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff, if he chooses, may submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint which contains all of his claims against all defendants he is suing in a single document. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should 1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable; 3) indicate whether he is suing each defendant in his/her individual or official capacity, or in both capacities; 4) how Plaintiff was harmed; and 5) state whether he was incarcerated at the time as a pretrial detainee.

### III. PLEADINGS

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (citations omitted). Accordingly, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. Additionally, the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure.

### IV. LOCAL RULE

Plaintiff must also comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Rule 5.5(C)(2), which states:

3

>Parties appearing *pro se.* It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(C)(2).

## V.     CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.     Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 2) is GRANTED.

2.     Plaintiff's custodian or his designee, or any future custodian, shall collect from Plaintiff's institutional account the $350.00 filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Plaintiff's account each time the amount in the account exceeds $10.00, and forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments forwarded on Plaintiff's behalf shall be clearly identified by the name and number assigned to this action.

3.     The Clerk of the Court shall send a copy of this Order to the Sheriff of Washington County, 1155 Clydesdale Drive, Fayetteville, AR 72701.

4.     The Clerk shall mail the 42 U.S.C. § 1983 complaint form to Plaintiff with this Order. If Plaintiff wishes to amend his Complaint, he may complete the new complaint form in its entirety in accordance with this Order, mark it as "Amended Complaint," and file it within thirty days of the date of this Order.

5.     Plaintiff's Complaint, as it now stands, is deficient and may be dismissed after thirty

days of the date of this Order.

DATED this 24th day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE