IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ANTHONY J. SMITH                                                                                    PLAINTIFF

v.                                               2:16CV00023-BRW-JJV

ARKANSAS DEPARTMENT OF
CORRECTION; *et al.*                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Anthony J. Smith ("Plaintiff") filed this action alleging he had been denied adequate medical care at both the Washington County Detention Center and the Brickey's Unit of the Arkansas Department of Correction ("ADC"). (Doc. No. 1 at 5-7.) After review of his initial Complaint, however, I determined he had failed to name any viable defendants. Notably, neither the ADC nor the Washington County Detention Center may be sued under section 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Plaintiff did name various 'Doe' defendants, but he failed to provide both the requisite identifying information and allegations of specific, individual misconduct necessary to proceed with these claims. On February 24, 2016, I warned Plaintiff that his Complaint was deficient and offered him the opportunity to amend it within thirty days. (Doc. No. 5.) I also gave him notice that failure to amend could result in the dismissal of this action. (*Id*. at 3-5.)

In excess of thirty days have passed and Plaintiff has not filed an amended complaint or otherwise responded to my Order. In light of the fact that his current allegations fail to state any claim upon which relief may be granted, I recommend this action be dismissed without prejudice.

This dismissal should count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

Dated this 20th day of April, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."